UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*** AMENDED CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-03015-CAS(JEMx) | Date | * July 21, 2014 |
|---|---|---|---|
| Title | RANDY ROMERO, ET AL. V. GROWLIFE, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Yu Shi | Christopher Tinen | |

**Proceedings:** MOTION FOR APPOINTMENT OF COUNSEL AND APPOINTMENT OF LEAD PLAINTIFF, MOTION TO CONSOLIDATE CASES FILED BY MOVANT BRYAN CHONG (dkt. 12, filed June 17, 2014)

MOTION FOR APPOINTMENT OF COUNSEL AND LEAD PLAINTIFF, MOTION TO CONSOLIDATE CASES FILED BY MOVANT LARRY DEMPSKI (dkt. 15, filed June 17, 2014)

## I. INTRODUCTION AND BACKGROUND

On April 18, 2014, plaintiff Randy Romero filed a securities fraud action in this Court against defendants Growlife, Inc. ("Growlife"), Sterling C. Scott, John Genesi, Marco Hegyi, Rob Hunt, Eric Shevin, Alan Hammer, Anthony Ciabattoni, and Jeff Giarraputo. Romero asserts claims on behalf of a class of all persons who purchased Growlife common stock during the class period, November 14, 2013 to April 9, 2014. Romero alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 based on alleged false and misleading statements made by defendants during the class period. Romero is represented by Laurence M. Rosen of The Rosen Law Firm, P.A.

On April 25, 2014 and May 29, 2014, complaints making substantially similar allegations against Growlife, et al, were filed in this Court by Gerald Young and Rochelle Wolf.[1] The complaints were assigned Case Nos. 2:14-cv-03183-CAS-JEMx and 2:14-cv-04112-CAS-JEMx, respectively. Both the Young and Wolf complaints sought to set the same class period as Romero. Young is represented by Lionel Z. Glancy, Michael

---

[1] Young and Wolf named only Growlife, Scott, and Genisi as defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

* AMENDED CIVIL MINUTES - GENERAL        'O'

| Case No. | 2:14-cv-03015-CAS(JEMx) | Date | * July 21, 2014 |
|---|---|---|---|
| Title | RANDY ROMERO, ET AL. V. GROWLIFE, INC., ET AL. | | |

Goldberg, Robert V. Prongay, and Elaine Chang of Glancy Binkow & Goldberg and by Howard G. Smith of the Law Offices of Howard G. Smith.
Wolf is represented by Eric Lechtzin and Sherrie R. Savett of Berger & Montague, P.C.

    On April 26, 2007, The Rosen Law Firm, representing Romero, published early notice to class members of the pendency of this action in Globe Newswire, pursuant to 15 U.S.C. § 78u-4(a)(3)(A). The notice advised class members of the existence of the lawsuit against Growlife, the claims asserted, the class period, and class members' right to move to be appointed as lead plaintiff.

    On June 17, 2007, putative class member Bryan Chong filed a motion to consolidate this case with Case Nos. 2:14-cv-03183-CAS-JEMx and 2:14-cv-04112-CAS-JEMx, to appoint himself as lead plaintiff, and to approve his choice of Laurence M. Rosen of The Rosen Law Firm as lead counsel.[2] Dkt. 12. Also on June 17, 2007, putative class member Larry Dempski filed a motion to consolidate this case with Case Nos. 2:14-cv-03183-CAS-JEMx and 2:14-cv-04112-CAS-JEMx, to appoint himself as lead plaintiff, and to approve his selection of lead counsel. Dkt. 15. Like Young, Dempski is represented by Lionel Z. Glancy, Michael Goldberg, Robert V. Prongay, and Elaine Chang of Glancy Binkow & Goldberg. The Wolf plaintiffs joined Dempski's motion. Dkt 16, at 2.

    On June 18, 2014, Chong filed an opposition to Dempski's motion. Dkt. 18. On July 7, 2014, Chong filed a notice that no plaintiff had opposed his June 17, 2014 motion to consolidate the cases and appoint himself lead plaintiff. Dkt. 19. On July 21, 2014, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

    The Court's consideration of these motions is governed by Rule 42 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). See generally Aronson v. McKesson HBOC, Inc., 79 F. Supp. 2d 1146

---

[2] Rosen filed the operative complaint in this case on behalf of plaintiff Randy Romero. Dkt. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | * AMENDED CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-03015-CAS(JEMx) | Date | * July 21, 2014 |
| Title | RANDY ROMERO, ET AL. V. GROWLIFE, INC., ET AL. | | |

(N.D. Cal. 1999). First, the Court must determine if consolidation of the actions is appropriate under Rule 42. 15 U.S.C. § 78u-4(a)(3)(B)(ii). If so, the Court must select a lead plaintiff and lead counsel for the consolidated action in accordance with the statutory requirements of the PSLRA.

 The Court has broad discretion to consolidate actions that involve common questions of law or fact. Fed. R. Civ. P. 42(a); Pierce v. City of Orange, 526 F.3d 1190, 1203 (9th Cir. 2008). "In securities actions where the complaints are based on the same 'public statements or reports,' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced." In re Netflix, Inc., Sec. Litig., 2012 WL 1496171, at *3 (N.D. Cal. Apr. 27, 2012) (quoting Wenderhold v. Cylink Corp., 188 F.R.D. 577, 583 (N.D. Cal. 1999)).

 If consolidation is appropriate, the Court must appoint as lead plaintiff "the member or members of a purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members[.]" 15 U.S.C. § 78u-4(a)(3)(B)(I). The PSLRA sets forth "a simple three-step process for identifying the lead plaintiff" in private class actions arising under the Securities and Exchange Act of 1934. In re Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2002).

 First, the Court must verify that a proposed lead plaintiff has publicized "the pendency of the action, the claims made, and the purported class period" in accordance with the statutory requirements of the PSLRA. Id.; see also 15 U.S.C. § 78u-4(a)(3)(A)(i).

 Second, the Court adopts a presumption that the most adequate plaintiff is the "person or group of persons" that (1) either filed the complaint or made a motion in response to the published notice, (2) has the greatest "financial interest in the relief sought by the classs," and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." Id. § 78u-4(a)(3)(B)(iii).

 Third, the Court must consider any rebuttal evidence brought forth by a member of the purported class that the presumptive lead plaintiff (1) "will not fairly and adequately protect the interests of the class" or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Id. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | * AMENDED CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-03015-CAS(JEMx) | Date | * July 21, 2014 |
| Title | RANDY ROMERO, ET AL. V. GROWLIFE, INC., ET AL. | | |

If multiple plaintiffs claim to be the most adequate plaintiff, the "court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on that plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy[.]'" Cavanaugh, 306 F.3d at 730. "Under Rule 23's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of the absent class members; they need not be substantially identical." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998). Adequacy requires the court to assess whether a proposed lead plaintiff has interests antagonistic to the class and whether her counsel has the necessary capabilities and qualifications. In re Emulex Corp., 210 F.R.D. 717, 720 (C.D. Cal. 2002). Legal representation is adequate when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it not likely that the action is collusive. In re Northern District of California, Dalkon Shield IUD Prods. Liab. Litig., 693 F.2d 847, 855 (9th Cir. 1982).

With respect to typicality and adequacy, at this initial stage "a wide-ranging analysis . . . is not appropriate to determine whether a presumptive lead [plaintiff] has made a prima facie showing that it satisfies the requirements of Rule 23." Puente v. Chinacast Educ. Corp., 2012 WL 3731822, at *3 (C.D. Cal. Aug. 22, 2012); see also In re Cendant Corp. Litig., 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry (i.e., the determination of whether the movant with the largest interest in the case otherwise satisfies Rule 23) should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy." (internal quotations omitted)).

III. ANALYSIS

    A. Consolidation

Chong and Dempski both seek consolidation of this action, Case No. 2:14-cv-03015-CAS-JEMx, with Case Nos. 2:14-cv-03183-CAS-JEMx and 2:14-cv-04112-CAS-JEMx. Chong and Dempski contend that the three actions assert substantially the same violations of federal securities laws, and raise substantially the same questions of law and fact. Further, the plaintiff in each action seeks to represent a class of all persons who

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

\* AMENDED CIVIL MINUTES - GENERAL  'O'

| Case No. | 2:14-cv-03015-CAS(JEMx) | Date | \* July 21, 2014 |
|---|---|---|---|
| Title | RANDY ROMERO, ET AL. V. GROWLIFE, INC., ET AL. | | |

purchased or acquired Growlife securities between November 14, 2013 and April 9, 2014. No party has opposed the consolidation of the three cases.

The Court concludes that the three cases involve common questions of law and fact and should therefore be consolidated. All of the actions are premised upon similar alleged misstatements and omissions in Growlife's public and financial statements, involve the same class period, and are brought against the same defendants. See Takeda v. Turbodyne Technologies, Inc., 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (consolidating six securities fraud actions where claims were "based on the same alleged misrepresentations and omissions"). Accordingly, the Court GRANTS Chong and Dempski's motions to consolidate.[3]

### B. Appointment of Lead Plaintiff

Chong and Dempski each seek appointment as lead plaintiff.[4] The Court considers their arguments in accordance with the three-step PSLRA framework outlined above.

First, the Court notes that Chong and Dempski each timely filed their motions within 60 days from the publication of notice in GlobeNewswire on April 18, 2014. The Court also notes that Chong's counsel filed the original complaint in this action, on behalf of plaintiff Randy Romero. See dkt. 1. Therefore, Chong and Dempski have each satisfied the first requirement for appointment as lead plaintiff.

Proceeding to the second step, Chong contends that he suffered approximately $625,683.60 in losses deriving from his purchases of 1,632,681 Growlife shares. See Decl. of Laurence M. Rosen, Ex. 3, dkt. 14. Dempski submits evidence that he has suffered a loss of $93,706.53 based upon his purchase of 200,000 Growlife shares during the class period. See Decl. of Michael Golberg, Ex. C, dkt. 17. Thus, Chong appears to

---

[3] The Court expressly does not consolidate this case with Case No. 2:14-cv-03777-CAS-JEMx, which is a shareholder derivative action arising out of the same alleged misstatements at issue in this case.

[4] No defendant has stated a position on which movant would be the most adequate plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

* AMENDED CIVIL MINUTES - GENERAL    'O'

| Case No. | 2:14-cv-03015-CAS(JEMx) | Date | * July 21, 2014 |
|---|---|---|---|
| Title | RANDY ROMERO, ET AL. V. GROWLIFE, INC., ET AL. | | |

have the largest financial interest and "the most to gain from the lawsuit." Cavanaugh, 306 F.3d at 730.

Chong contends that he meets the typicality and adequacy requirements of Rule 23(a). Chong asserts that his interests are aligned with those of the class as a whole and that he is not subject to any unique defenses that would render him atypical of the class. Dkt. 13 at 6; see 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The Court agrees that Chong has made out a prima facie showing of typicality because he has alleged that he purchased Growlife shares during the class period and his position does not appear to materially differ from that of any other plaintiff. Additionally, the Court finds that Chong has made out a prima facie showing of adequacy because there is no suggestion that Chong has interests antagonistic to the class, and, as discussed below, Chong's counsel is well-suited to prosecuting this action. Accordingly, the Court concludes that Chong has satisfied the requirements of Rule 23, and that Chong is presumptively the most adequate plaintiff.

Finally, with respect to the third step, no party has opposed Chong's motion. The Court therefore has no occasion to consider rebuttal evidence to Chong's prima facie assertion that he meets the requirements of Rule 23. Id. As such, the Court concludes that, following the "clear path" described in Cavanaugh, Chong is the appropriate lead plaintiff under the PSLRA.

### C. Appointment of Lead Counsel

Chong seeks the appointment of Laurence M. Rosen of The Rosen Law Firm, P.A., as lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v) provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." The PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention. . . . [T]he court's inquiry is appropriately limited to whether the lead plaintiff's selection and agreement with counsel are reasonable on their own terms." In re Cendant Corp. Litig., 264 F.3d at 267.

Chong asserts that his proposed counsel will ably represent the class, as The Rosen Law Firm often serves as lead counsel in private securities class actions. See Rosen Decl., Ex. 4. The Court agrees that Chong has made out a prima facie showing of adequacy as to The Rosen Law Firm because of the firm's history of serving as class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | * AMENDED CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-03015-CAS(JEMx) | Date | * **July 21, 2014** |
| Title | RANDY ROMERO, ET AL. V. GROWLIFE, INC., ET AL. | | |

counsel in securities class actions. Accordingly, the Court finds Chong's selection of class counsel to be reasonable.

## III.  CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the motions of Chong and Dempski to consolidate this case with Case Nos. 2:14-cv-03183-CAS-JEMx and 2:14-cv-04112-CAS-JEMx. The Court GRANTS Chong's motion for appointment of lead plaintiff and counsel. The Court DENIES Dempski's motion for appointment of lead plaintiff and counsel.

IT IS SO ORDERED.

| | | 00 | : | 08 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |