FILED
CLERK, U.S. DISTRICT COURT
APR 2 7 2015
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY ROMERO; ET AL., <br><br> Plaintiff, <br><br> v. <br><br> GROWLIFE, INC.; ET AL, <br><br> Defendants. <br><br> AND RELATED CASES <br><br> This Document Relates To: All Actions | Master File No. <br> CV14-3015-CAS(JEMx) <br><br> CLASS ACTION <br><br> [~~PROPOSED~~] **ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** <br><br> Hon. Christina A. Snyder |

WHEREAS, (i) Lead Plaintiff Bryan Chong ("Lead Plaintiff") and (ii) Growlife, Inc., Sterling C. Scott, John Genesi, Marco Hegyi, Rob Hunt, Eric Shevin, Alan Hammer, Anthony Ciabattoni, and Jeff Giarraputo (collectively the "Defendants")[1] have agreed to settlement of all claims asserted in this Litigation against all of the Defendants;

WHEREAS, that Settlement was entered into through a Stipulation of Settlement, dated March 26, 2015 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the Complaint filed in the Litigation on the merits and with prejudice; and

WHEREAS, this Court having read and considered the Stipulation, the proposed Postcard Notice, proposed "Notice of Pendency and Proposed Settlement of Class Action" ("Notice"), the proposed "Summary Notice of Pendency and Proposed Class Action Settlement" ("Summary Notice"), the proposed Plan of Allocation of the Net Settlement Fund among Class Members, the proposed form of the Proof of Claim and Release ("Proof of Claim"), the proposed form of Order and Final Judgment, and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 27th day of April 2015, that:

1. Unless indicated otherwise, capitalized terms used herein have the same meanings defined in the Stipulation.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, claims in the Litigation against Defendants are hereby preliminarily certified as a class action on behalf of all persons who purchased or otherwise acquired Growlife common stock during the period from November 14, 2013, through and including April 9, 2014, and

---

[1] Lead Plaintiff, on behave of himself and the Class, and Defendants are collectively referred to as the "Parties."

were damaged thereby. Excluded from the Settlement Class are Defendants and all former officers and directors of Growlife, and all such excluded persons' immediate families, legal representatives, heirs, predecessors, successors, and assigns, and any entity in which any excluded person has or had a controlling interest, and any persons who have separately filed actions against one or more of the Defendants, based in whole or in part on any claim arising out of or relating to any of the alleged facts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences referred to in the Litigation or otherwise alleged, asserted, or contended in the Litigation. Also excluded are those persons who file valid and timely requests for exclusion in accordance with this Order.

3. This Court finds, preliminarily and for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class they seek to represent; (d) the Lead Plaintiff will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of settlement only, Lead Plaintiff is certified as the class representative on behalf of the Settlement Class and the Lead Counsel previously selected by Lead Plaintiff and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class.

5. A hearing (the "Final Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on *August 3*, 2015 at *10* a.m. for the following purposes:

    a. to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

b. to finally determine whether the Order and Final Judgment as provided under the Stipulations should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Class of the Released Parties as set forth in the Stipulations, should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

c. to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

d. to consider the application of Plaintiffs' Counsel for an award of Attorneys' Fees and Expenses;

e. to consider Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Final Settlement Hearing by Class Members (or by counsel on their behalf); and

f. to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to adjourn the Final Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded Attorneys' Fees and Expenses.

7. The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

8. The Court approves the form, substance and requirements of (a) the Postcard Notice, (b) the Notice, (c) the Summary Notice, and (d) the Proof of Claim, all of which are exhibits to the Stipulation.

9. Plaintiffs' Counsel has the authority to enter into the Stipulations on behalf of the Class and is authorized to act on behalf of the Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulations or such other acts that are reasonably necessary to consummate the Settlement.

10. Strategic Claims Services, Inc. is appointed and approved as the Claims Administrator for the Settlement.

11. Plaintiffs' Counsel, through the Claims Administrator, shall cause the Postcard Notice, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within twenty-eight (28) calendar days of the entry of this Order, to all Class Members who can be identified with reasonable effort by the Claims Administrator. The Postcard Notice will contain instructions on how Class Members can obtain copies of the detailed Notice and Proof of Claim online or by contacting the Claims Administrator.

12. Plaintiffs' Counsel is authorized to establish a Notice and Administration Account (as defined in the Stipulations) of $125,000 (One Hundred Twenty-Five Thousand Dollars), to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Class and for other reasonable out-of-pocket administrative expenses. After the Effective Date, additional amounts may be transferred from the Settlement Fund to the Notice and Administration Account.

13. Defendants and any and all issuers, securities firms or transfer agents holding transfer records which indicate the legal owners of Growlife common stock currently or during the Class Period are hereby ordered to produce such transfer records in a usable electronic format to Plaintiffs' Counsel or the Claims Administrator within fourteen (14) calendar days of receipt of a copy of this Order.

14. Plaintiffs' Counsel, through the Claims Administrator, shall also make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Growlife common stock during the Class Period. Such nominee purchasers are directed to forward copies of the Postcard Notice to their beneficial owners or to provide the Claims Administrator with lists

of the names and addresses of the beneficial owners and the Claims Administrator is ordered to send the Postcard Notice promptly to such beneficial owners. Additional copies of the Postcard Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Postcard Notice to beneficial owners.

15. Plaintiffs' Counsel shall, at or before the Final Settlement Hearing, serve upon Defendants' Counsel, and file with the Court, proof of mailing of the Postcard Notice, both to Class Members and to nominees.

16. Plaintiffs' Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within ten (10) calendar days after the entry of this Order. Plaintiffs' Counsel shall, at or before the Final Settlement Hearing, serve upon Defendants' Counsel and file with the Court proof of publication of the Summary Notice.

17. The forms and methods set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

18. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

    a. A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than seventy-five (75)

calendar days from the date of this Order. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Administrator at the address designated in the Notice.

b. The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Plaintiffs' Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c. Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the

        basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

      d. For the filing of and all determinations concerning their Proof of Claim, each Class Member shall submit to the jurisdiction of the Court.

19. All Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects by subjects to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

20. Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than thirty (30) calendar days prior to the Final Settlement Hearing or _July 6_, 20_15_, to the addresses listed in the Notice. Such request for exclusion shall clearly indicate the name and address and phone number and e-mail contact information (if any) of the person seeking exclusion, state that the sender specifically requests to be excluded from the Class, and must be signed by such person. Such persons requesting exclusion are also required to specify all their purchases and sales of Growlife common stock during the Class Period, including the date, number of shares and price of the shares purchased or sold. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Plaintiffs' Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

21. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund.

22. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees and Expenses and any payment to Lead Plaintiff only if such comments or objections and any supporting papers are served to be received at least twenty (20) calendar days prior to the Final Settlement Hearing, upon each of the following:

Laurence M. Rosen, Esq.
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

*Counsel for Lead Plaintiff and the Class*

John R. Armstrong, Esq.
HORWITZ & ARMSTRONG LLP
26475 Rancho Parkway South
Lake Forest, CA 92630

*Counsel for Defendants*

and the objector has (by that same date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Central District of California, 312 North Spring Street, Los Angeles, California 90012. Attendance at the Final Settlement Hearing is not necessary but persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Final Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Settlement Hearing. Class Members do not

need to appear at the Final Settlement Hearing or take any other action to indicate their approval.

23. Any Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, or the application for an award of Attorneys' Fees and Expenses and a payment to Lead Plaintiff.

24. The Court reserves the right to adjourn the Final Settlement Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Class.

25. All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Lead Plaintiff shall be filed and served thirty-five (35) calendar days before the Final Settlement Hearing.

26. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Lead Plaintiff shall be filed no later than fourteen (14) calendar days prior to the Final Settlement Hearing.

27. Pending final determination of whether the Settlement should be approved, all Class Members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Settled Claims. In addition, the Litigation is stayed.

28. In the event the Settlement is not consummated pursuant to its terms, the Stipulations, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or

referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed before the execution of the Stipulation, pursuant to the terms of the Stipulation.

29. The Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or relating to, the Settlement, including by way of illustration and not limitation, any dispute concerning any Proof of Claim filed by any Class Member and any future requests by one or more of the Parties that the Final Order and Judgment, the Release and/or the permanent injunction set forth in the Stipulation be enforced.

Dated: April 27, 2015

_____
HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE